**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:**<br><br>**TONYA LEE BROWN,**<br><br>**Debtor.** | )<br>)<br>)<br>)<br>)<br>X | **Bankruptcy No. 25-20265-JAD**<br><br>**Chapter 7** |
| **DANIEL KLEIN c/o**<br>**K & S REAL ESTATE, LLC,**<br><br>**Plaintiff,**<br><br>**-v-**<br><br>**RONALD A. BROWN and**<br>**TONYA LEE BROWN,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>X | **Adversary No. 26-02067-JAD**<br><br>**Related to ECF Nos. 6 & 15** |

**MEMORANDUM OPINION**

Presently before the Court are two related matters arising from Ronald A. Brown and Tonya Lee Brown's (collectively, the "Browns") efforts to litigate in this Court an underlying landlord-tenant dispute with Daniel Klein c/o K & S Real Estate, LLC ("Klein").

The first is the Browns' *Amended Notice of Removal and Motion to Vacate Judgment* (the "Amended Notice & Motion," ECF No. 6),[1] through which they seek relief from this Court's May 27, 2026 *Order Remanding Removed Action* (the "Remand Order," ECF No. 2) and again seek to invoke this Court's jurisdiction

[1] For sake of clarity, and because the Browns' filing seeks to serve two purposes (i.e. the removal of an action and vacatur of a judgment) the Browns' filing shall be referenced as the "Amended Notice of Removal" and "Motion to Vacate" separately at times as appropriate.

over the landlord-tenant proceeding. The second is Klein's *Motion to Enforce Orders of Court* (the "Motion to Enforce," ECF No. 15), through which he seeks enforcement of the Court's prior orders, the striking of the Browns' filings and purported counterclaims, an award of counsel fees and other sanctions, and an order declaring Debtor Tonya Lee Brown a "vexatious litigant."

Neither side is entitled to the relief it seeks. As to the Browns, the Amended Notice & Motion presents no basis under Federal Rules of Bankruptcy Procedure 9023 or 9024 to disturb the Remand Order. The premise underlying their principal argument (that counterclaims existed which the Court failed to consider) is not borne out by the record. In fact, the Browns ultimately acknowledged that no counterclaims were ever filed in the Magisterial District Court. More importantly, the existence of potential claims against Klein does not alter the untimeliness of the original removal or undermine the Court's independent determination that equitable remand was warranted under 28 U.S.C. § 1452(b). The Browns' subsequent attempt to remove the same proceeding likewise identifies no new event or circumstance creating a renewed right of removal.

Klein's Motion to Enforce also seeks relief that the present record does not support. Although the Court does not condone improper or repetitive litigation, the extraordinary relief associated with restricting a litigant's future access to the courts requires an adequate factual record and adherence to the procedural safeguards mandated by applicable law. Klein has not made the showing necessary for such relief. Nor has he demonstrated compliance with the

procedural prerequisites for party-initiated sanctions under Federal Rule of Bankruptcy Procedure 9011 or otherwise established an entitlement to the counsel fees and additional sanctions requested.

Accordingly, the Court will deny the Browns' Amended Notice & Motion, strike the ineffective Amended Notice of Removal, and leave the Remand Order undisturbed. The Court will also deny Klein's requests to declare Ms. Brown a vexatious litigant and to award counsel fees or impose additional sanctions. The landlord-tenant controversy will remain in the appropriate Pennsylvania state forum, and this adversary proceeding will be closed.

## I.
## BACKGROUND

The relevant facts are drawn from the records of the bankruptcy case and this adversary proceeding, the parties' filings, and the state-court records of which the Court takes judicial notice. Unless otherwise indicated, the procedural history recited below is not materially disputed.

Tonya Lee Brown (the "Debtor" or "Ms. Brown") commenced the underlying bankruptcy case on February 3, 2025, by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The case was subsequently converted to Chapter 7, and a Chapter 7 Trustee was appointed. The Trustee ultimately filed a Report of No Distribution, and the Debtor received a discharge under 11 U.S.C. § 727. See 25-20265-JAD, ECF Nos. 155 & 173.

During the bankruptcy case, a dispute arose concerning residential real

property occupied by the Debtor and her spouse, Ronald A. Brown. On June 4, 2025, this Court granted K & S Real Estate, LLC and Klein relief from the automatic stay to pursue their rights and remedies under applicable non-bankruptcy law. *Order*, 25-20265-JAD, ECF No. 70 (the "Stay-Relief Order"). The Debtor appealed but did not obtain a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007. The Stay-Relief Order therefore remained effective while the appeal proceeded. On October 8, 2025, the United States District Court for the Western District of Pennsylvania affirmed the Stay-Relief Order and dismissed the appeal with prejudice. The Debtor thereafter appealed to the United States Court of Appeals for the Third Circuit.

The Third Circuit subsequently granted summary affirmance, concluding that the appeal presented no substantial question and that this Court did not abuse its discretion in granting stay relief. The Court of Appeals emphasized, however, that the stay-relief determination did not adjudicate the merits of the eviction proceeding or any defenses the Debtor might assert in the appropriate forum. In re Brown, No. 25-2991, slip op. at 1–2 (3d Cir. July 1, 2026). The mandate issued on July 23, 2026. See Order of Third Circuit Court of Appeals, 25-20265-JAD, ECF No. 175.

Following entry of the Stay-Relief Order, Klein commenced a landlord-tenant proceeding against the Browns in the Magisterial District Court of Allegheny County at Docket No. MJ-05206-LT-0000575-2025 (the "Removed Action"). The landlord-tenant complaint was filed on September 4, 2025, and served upon the

Browns on September 12, 2025. See Landlord/Tenant Docket at 2, ECF No. 1-1.

The Browns also pursued separate litigation arising from their dispute with Klein and K & S Property Management in the Court of Common Pleas of Allegheny County at Case No. AR-25-7087. The Court takes judicial notice of the docket in that action. See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3d Cir. 2014). On May 6, 2026, the Court of Common Pleas entered an order striking an amended pleading, directing that the action be marked dismissed with prejudice effective February 16, 2026, and prohibiting further filings in that matter. Court of Common Pleas Order of Court, attached as Exhibit C to *Notice of Intent to Take Judicial Notice Pursuant to Federal Rule of Evidence 201* (the "Judicially Noticed Material"), ECF No. 21.

On May 26, 2026, more than eight months after service of the landlord-tenant complaint, the Debtor filed a *Notice of Removal* seeking to remove the Magisterial District Court proceeding to this Court. ECF No. 1. The following day, the Court entered the Remand Order. The Court concluded that removal was untimely under Federal Rule of Bankruptcy Procedure 9027(a)(3) and, independently, that equitable grounds warranted remand under 28 U.S.C. § 1452(b). The Court therefore remanded the Removed Action to the Magisterial District Court, directed the Clerk to transmit a certified copy of the Remand Order to that court, closed the adversary proceeding, and retained jurisdiction solely for purposes of enforcing and implementing the Remand Order.

On June 24, 2026, the Browns filed the Amended Notice & Motion now

before the Court. They principally contended that the Remand Order failed to account for counterclaims exceeding the monetary jurisdiction of the Magisterial District Court. They also asserted that each rescheduled hearing in the landlord-tenant proceeding constituted the equivalent of a new summons and thereby commenced a new period for removal.

Because the Browns' filing appeared to rely upon counterclaims purportedly pending in the Magisterial District Court, the Court entered an order on June 29, 2026 directing them to file a copy of those counterclaims by July 6, 2026. *Order Scheduling Hearing*, ECF No. 8. When they did not do so, the Court entered a second order on July 9, 2026 directing compliance by July 16, 2026. *Order of Contempt*, ECF No. 10.

On July 16, 2026, the Browns filed a *Statement of Facts [and] Notice of Withdrawal of Amended Notice of Removal and Motion to Vacate Judgment* (the "Statement of Facts & Withdrawal," ECF No. 13). In that filing, made under penalty of perjury, the Browns acknowledged that they had not filed counterclaims in the Magisterial District Court. They explained instead that the Clerk of the Magisterial District Court would not permit them to file counterclaims exceeding $12,000 and that they sought removal because they wished to pursue such claims in this Court. The Browns also advised that the Magisterial District Court had entered judgment against them on June 24, 2026, that they had appealed that judgment to the Court of Common Pleas of Allegheny County, and that, in light of the appeal, they were withdrawing their Amended Notice & Motion.

Klein thereafter filed a response in opposition to the Amended Notice & Motion and, on July 21, 2026, the Motion to Enforce. Among other things, Klein asks the Court to strike and deny with prejudice the Browns' Amended Notice & Motion, strike or deem waived any untimely counterclaims, declare Ms. Brown a "vexatious litigant," award $1,197.50 in counsel fees, and impose additional sanctions.

The Court conducted a hearing on August 11, 2026 concerning the parties' respective requests for relief. At the conclusion of the hearing, the Court took the matters under advisement. They are now ripe for disposition.

## II.
## THE BROWNS' REQUEST TO VACATE THE REMAND ORDER

As an initial matter, the Browns withdrew their Amended Notice & Motion on July 16, 2026. That withdrawal ordinarily would obviate the need to decide whether the Browns are entitled to the affirmative relief requested in their Motion to Vacate. The matter does not end there, however.

Klein subsequently filed the Motion to Enforce seeking affirmative relief arising directly from the Browns' filings, including an order striking and denying the Amended Notice & Motion with prejudice, striking or deeming waived the Browns' purported counterclaims, awarding counsel fees and other sanctions, and declaring Ms. Brown a vexatious litigant. Moreover, the Amended Notice of Removal purported to invoke this Court's jurisdiction over the same state-court proceeding that previously had been remanded. Under these circumstances, the

Court considers it appropriate to address the legal effect of the Browns' filings and, to the extent necessary to resolve the matters remaining before it, the grounds they asserted for disturbing the Remand Order.

Those grounds are straightforward. The Browns principally contend that the Court failed to account for counterclaims that they wished to assert against Klein and that allegedly exceeded the monetary jurisdiction of the Magisterial District Court. They also contend that the rescheduling of hearings in the Magisterial District Court effectively commenced a new period for removal. The subsequent record establishes, however, that no counterclaims were ever filed in the Magisterial District Court. Rather, the Browns sought removal in part because they wished to pursue claims that had not been asserted in the proceeding they attempted to remove.

As explained below, neither the Browns' potential counterclaims nor their theory concerning rescheduled hearings provides a basis for disturbing the Remand Order. The original removal was untimely under Federal Rule of Bankruptcy Procedure 9027(a)(3), the independent grounds supporting equitable remand under 28 U.S.C. § 1452(b) remain unaffected, and the Amended Notice of Removal identifies no subsequent event creating a new and different basis for removal.

**Standards Governing Relief From the Remand Order**

The Browns invoke Federal Rule of Bankruptcy Procedure 9024 as the basis for vacating the Remand Order. Because they are proceeding pro se, the Court

construes their Motion to Vacate liberally and considers whether the relief they seek could be available under either Bankruptcy Rule 9023 or Bankruptcy Rule 9024.

There is, however, a threshold question concerning the extent of this Court's authority to reconsider a remand order after that order has been implemented and the removed proceeding returned to the state court. That question is particularly significant where, as here, the Remand Order rested in part upon equitable grounds under 28 U.S.C. § 1452(b), which substantially limits appellate review of such remand determinations. See Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.), 505 F.3d 237, 244–46 (3d Cir. 2007). The Court need not resolve the outer limits of its authority to reconsider an effectuated remand, however. Even assuming that Bankruptcy Rules 9023 and 9024 permit consideration of the relief requested, the Browns have not established a basis for relief under either Rule.

Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59. Reconsideration under that Rule generally requires the movant to demonstrate: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. Scott v. Bank of N.Y. Mellon Tr. Co. (In re Scott), 678 B.R. 756, 764 (Bankr. W.D. Pa. 2026). Reconsideration is an extraordinary remedy and may not be used merely to reargue matters already considered or to advance arguments that could have been presented before entry of the challenged order.

InFirst Bank v. Jager (In re Jager), 597 B.R. 796, 806 (Bankr. W.D. Pa. 2019)(citation omitted).

Bankruptcy Rule 9024, in turn, makes Federal Rule of Civil Procedure 60 applicable in bankruptcy proceedings, subject to exceptions not relevant here. Rule 60(b) permits relief from an order upon specified grounds, including mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or misconduct, or another reason justifying relief. Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024. It does not provide a litigant with a second opportunity to advance arguments or legal theories that were available when the matter was originally decided. See In re Jager, 597 B.R. at 813.

The Browns identify no intervening change in controlling law, newly discovered evidence, fraud, misconduct, or other post-remand circumstance warranting relief under these standards. Their Motion to Vacate instead challenges the Court's treatment of matters that existed when the Remand Order was entered (i.e., principally, the counterclaims they wished to assert against Klein and their contention that rescheduled hearings in the Magisterial District Court restarted the period for removal). The Court therefore turns to those arguments.

**The Browns' Counterclaim**
**Argument Does Not Warrant Relief**

The Browns principally contend that the Remand Order should be vacated because the Court failed to consider counterclaims that they asserted exceeded

the monetary jurisdiction of the Magisterial District Court. The record demonstrates otherwise.

The asserted counterclaims were expressly disclosed in the Browns' original *Notice of Removal*, which stated on its face that the Browns "have Counter-Claims which exceed the jurisdiction" of the Magisterial District Court. ECF No. 1 at 1. The Court therefore was aware of the asserted counterclaims when it entered the Remand Order.

Indeed, the materials submitted with the original *Notice of Removal* provided considerably more information. Among its attachments was a "Motion for Change of Venue" that the Browns had submitted in the state-court proceeding. ECF No. 1-6. In that motion, the Browns expressly asked that the landlord-tenant action be transferred to the Court of Common Pleas of Allegheny County because, among other things, they sought damages exceeding the Magisterial District Court's jurisdictional limit. They further represented that they were pursuing a related action in the Court of Common Pleas and wished to assert claims against Klein and a third party that could not be adjudicated within the monetary limits of the Magisterial District Court.

Thus, when the Court entered the Remand Order, it was aware not only that the Browns asserted the existence of claims exceeding the jurisdictional limit, but also that they had sought relief within the Pennsylvania court system on that very basis.

The record developed after remand clarified one additional fact: despite the

language of the *Notice of Removal*, the Browns had not actually filed the asserted counterclaims in the Magisterial District Court. In their July 16, 2026 Statement of Facts &Withdrawal, the Browns acknowledged that no counterclaims had been filed and explained that they sought removal because they wished to pursue claims exceeding $12,000.

That clarification does not reveal a fact overlooked by the Court when it ordered remand. To the contrary, it confirms that the Browns' concern was not the existence of counterclaims already pending in the Removed Action, but their desire to find a forum in which claims they wished to assert could be adjudicated.

Pennsylvania law provided a means for addressing that concern without resort to removal. The jurisdiction of a Pennsylvania Magisterial District Court over ordinary civil claims generally is limited to matters in which the amount in controversy does not exceed $12,000. See 42 Pa. Cons. Stat. § 1515(a)(3). Pennsylvania law further provides that when a tribunal is presented with a matter over which it lacks jurisdiction, the matter is not simply to be dismissed for that reason; rather, the record is to be transferred to the proper tribunal of the Commonwealth. See 42 Pa. Cons. Stat. § 5103(a). Pennsylvania appellate courts have applied that principle in the context of counterclaims exceeding the monetary jurisdiction of a Magisterial District Judge. See Womack v. Neighborhood Security Patrol, No. 1629 WDA 2015, 2017 WL 1944325, at *4 (Pa. Super. Ct. May 10, 2017)(had the defendant filed a counterclaim in excess of the magisterial district court limits, the court would have been deprived of jurisdiction and thus the claim

could be transferred); see also Durand v. JR Beard, LLC, No. 239 MDA 2023, 2023 WL 6366708, at *3 (Pa. Super. Ct. Sept. 29, 2023) (affirming the trial court who determined that a counterclaim by the defendants in excess of $12,000 magisterial district court jurisdictional limits would have allowed the transfer of their complaint to the Court of Common Pleas).

As those authorities recognize, the assertion of a counterclaim exceeding the jurisdictional limit may provide a basis for transfer to the Court of Common Pleas, where the claim can be adjudicated by a tribunal possessing the requisite jurisdiction.

This is significant for present purposes, but only in a limited respect. The Court need not decide whether the Browns properly invoked Pennsylvania's transfer procedures, whether their Motion for Change of Venue was procedurally sufficient, or whether any particular counterclaim remains viable. Those are matters of Pennsylvania law appropriately left to the Pennsylvania courts. The relevant point is that the jurisdictional limitation of the Magisterial District Court did not mean that the Browns lacked access to a state forum capable of adjudicating claims exceeding that limitation. The materials accompanying the *Notice of Removal* themselves demonstrate that the Browns were aware of the possibility of proceeding in the Court of Common Pleas and had affirmatively sought that result.

Accordingly, the counterclaim issue supplies no basis for reconsideration under either Rule 9023 or Rule 9024. The Court was aware of the Browns'

asserted counterclaims and the jurisdictional issue when it entered the Remand Order. The Browns' subsequent acknowledgment that those counterclaims had never actually been filed does not constitute newly discovered evidence, establish mistake or clear error, or demonstrate manifest injustice. Nor does the monetary jurisdiction of the Magisterial District Court establish that the underlying controversy belonged in federal bankruptcy court rather than within the Pennsylvania judicial system.

Most importantly, the counterclaim issue does not disturb either ground upon which the Remand Order rested. Whether the Browns possessed claims exceeding the jurisdiction of the Magisterial District Court does not alter the timeliness of removal under Federal Rule of Bankruptcy Procedure 9027(a)(3), and as discussed more fully below it does not undermine the Court's independent determination that equitable considerations warranted remand under 28 U.S.C. § 1452(b).

**<u>The Removal Was Untimely</u>**

The Browns' remaining argument concerning the original removal focuses on the timing of proceedings in the Magisterial District Court. They contend that because the hearing in the landlord-tenant action was rescheduled on several occasions, each new hearing date effectively constituted a new summons and restarted the period within which the action could be removed. That contention does not provide a basis for disturbing the Remand Order.

Federal Rule of Bankruptcy Procedure 9027(a)(3) governs removal of a civil

action initiated after commencement of a bankruptcy case. The Rule requires that a notice of removal be filed within the shorter of: (A) thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed; or (B) thirty days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons. Fed. R. Bankr. P. 9027(a)(3). The triggering events identified by the Rule concern receipt of the <u>initial pleading</u> or <u>summons</u> (and not the date upon which a state court ultimately schedules or conducts a hearing).

Here, the relevant chronology is undisputed. The landlord-tenant action was commenced in September 2025, and the Browns were served with the complaint that same month. They did not file their *Notice of Removal* until May 26, 2026, more than eight months later. The *Notice of Removal* therefore was filed well outside the period prescribed by Rule 9027(a)(3).

Nothing about the subsequent rescheduling of a hearing altered that result. A continuance or rescheduling of proceedings in an existing civil action does not commence a new civil action, generate a new initial pleading, or constitute service of a new summons for purposes of Rule 9027(a)(3). The Browns identify no authority supporting a contrary interpretation. Accepting their position would effectively permit the removal period to begin anew whenever a hearing in a pending state-court proceeding is continued or rescheduled, notwithstanding the defendant's receipt months earlier of the initial pleading or summons that commenced the action. Neither the text nor the purpose of Rule 9027 supports

such a result.

The Browns' asserted counterclaims likewise do not alter the removal deadline. As discussed above, those claims were <u>never actually filed</u> in the Magisterial District Court. More fundamentally, the Browns were aware of the unfiled claims when they filed their original *Notice of Removal* and expressly relied upon them as a basis for removal. They therefore cannot constitute a subsequent event that rendered an otherwise untimely removal timely.

Nor does the possibility that the Browns might assert those claims in the Court of Common Pleas restart the removal period applicable to the landlord-tenant action. Rule 9027(a)(3) measures the time for removing the civil action by reference to the initial pleading or summons in that action. The possibility that a defendant may later assert additional claims, seek transfer within the state judicial system, or pursue an appeal does not retroactively extend the time for removing the action originally commenced and served months earlier.

Accordingly, nothing presented in the Browns' Motion to Vacate undermines the Court's determination that the May 26, 2026 *Notice of Removal* was untimely under Rule 9027(a)(3). Because untimeliness supplied an independent basis for the Remand Order, the Browns' counterclaim and rescheduling arguments do not establish grounds for vacating that Order.

**Independent Equitable Grounds**
**<u>For Remand Remain Unaffected</u>**

Even if the Browns could overcome the untimeliness of their original

removal, their Motion to Vacate would not warrant vacatur of the Remand Order. The Court separately concluded that equitable considerations warranted remand under 28 U.S.C. § 1452(b). Nothing concerning the Browns' asserted counterclaims undermines that independent determination.

Section 1452(b) provides that a court to which a claim or cause of action has been removed may remand it "on any equitable ground." 28 U.S.C. § 1452(b). The statute affords courts broad discretion in determining whether a matter removed pursuant to bankruptcy jurisdiction should remain in federal court or be returned to the state courts. See In re Seven Fields Dev. Corp., 505 F.3d at 244–46.

The Remand Order rested upon several considerations, including the exclusively state-law character of the landlord-tenant dispute, the Court's prior grant of relief from the automatic stay permitting Klein to pursue his state-law remedies, the absence of a stay pending appeal, the District Court's affirmance of the Stay-Relief Order, considerations of comity and judicial economy, and the procedural history suggesting that removal was being employed as another means of disrupting or relitigating proceedings that this Court had already authorized to continue in a non-bankruptcy forum.

The Browns' asserted counterclaims do not materially alter any of those considerations. The claims described by the Browns arise from their landlord-tenant relationship with Klein and related dealings with other participants in that relationship. They therefore do not transform the controversy

into one arising under the Bankruptcy Code or otherwise diminish the state-law character of the dispute. Nor does the amount the Browns seek to recover create a reason for the controversy to proceed in bankruptcy court. As discussed above, Pennsylvania law provides a means for claims exceeding the monetary jurisdiction of a Magisterial District Judge to be heard by a tribunal of appropriate jurisdiction within the Commonwealth.

The subsequent course of the bankruptcy case only reinforces the limited federal bankruptcy interest in the controversy. The Chapter 7 Trustee filed a Report of No Distribution, the Debtor received her discharge, and administration of the bankruptcy estate has otherwise been completed. The Third Circuit also has affirmed the stay-relief determination, while expressly recognizing that the merits of the eviction proceeding and the Debtor's defenses remained matters for resolution in the appropriate forum. Thus, whatever disputes remain between the Browns and Klein, their resolution bears no meaningful relationship to the administration of this bankruptcy estate.

The Court also rejects the premise that remanding the Removed Action to the Magisterial District Court somehow deprived the Browns of an opportunity to pursue claims exceeding that court's jurisdiction. A federal court remanding a removed action returns the controversy to the state judicial system from which it was removed; it does not undertake to prescribe how the state courts must thereafter allocate the matter among themselves. Questions concerning the jurisdiction of a particular Pennsylvania tribunal, the availability of transfer to the

Court of Common Pleas, and the procedural means for asserting the Browns' claims are matters for the Pennsylvania courts to resolve under Pennsylvania law. The monetary limitation applicable to one component of that judicial system does not supply an equitable reason for this Court to retain a state-law controversy otherwise appropriately resolved by the state courts.

Accordingly, even if the Browns' arguments concerning their counterclaims had some bearing upon the procedural timeliness of removal (which they do not), the independent equitable grounds supporting the Remand Order would remain. The Browns therefore have not established a basis under either Rule 9023 or Rule 9024 for disturbing the Court's determination under 28 U.S.C. § 1452(b).

**The Amended Notice of Removal**
**Does Not Provide Basis for Re-Removal**

The Browns' Amended Notice of Removal fares no better. To the extent that filing was intended not merely to obtain reconsideration of the Remand Order, but to effect a second removal of the landlord-tenant action, it identifies no new circumstance that would permit the Browns to circumvent the prior remand.

A second notice of removal is not necessarily impermissible merely because the same action previously was removed and remanded. A subsequent removal may be appropriate when later developments create a new and different basis for federal jurisdiction that did not exist, or could not have been asserted, at the time of the earlier removal. See In re Diet Drugs, 282 F.3d 220, 232 n.8 (3d Cir. 2002). What a party may not do, however, is use a successive notice of removal simply

to obtain reconsideration of the same grounds upon which the action previously was removed and remanded. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (4th Cir. 1996); In re Stahl, 526 F. App'x 179, 181 n.6 (3d Cir. 2013)(citing S.W.S. Erectors, Inc.).

No new basis for removal exists here. The Amended Notice of Removal concerns the same landlord-tenant action, the same parties, and the same underlying controversy addressed by the Remand Order. The Browns' alleged counterclaims do not constitute a post-remand development because, as discussed above, the Browns expressly identified those claims in their original *Notice of Removal*.

The attached Motion for Change of Venue likewise disclosed both the nature of the claims the Browns wished to pursue and their contention that those claims exceeded the Magisterial District Court's jurisdiction.

The subsequent acknowledgment that the counterclaims had never actually been filed does not create a new basis for removal; it merely clarifies the procedural posture that existed when the Court entered the Remand Order.

Nor did the subsequent proceedings in the Magisterial District Court create a newly removable action. The rescheduling of hearings did not commence a new lawsuit, and the entry of judgment did not transform the existing landlord-tenant proceeding into a different civil action for purposes of Bankruptcy Rule 9027. The Browns' subsequent appeal to the Court of Common Pleas likewise continued the controversy within the Pennsylvania judicial system rather than creating a new

action that independently revived an expired federal removal period.

The procedural posture following remand is also worth noting. The Remand Order was implemented: a certified copy was transmitted to the Magisterial District Court, the Removed Action was returned to the state forum, and this adversary proceeding was closed. The Third Circuit's decision in In re Stahl cautions against federal bankruptcy-court interference with state-court proceedings after remand has been effectuated. See 526 F. App'x 179. Permitting the Browns to accomplish through an "amended" notice of removal what they could not accomplish through reconsideration would undermine both the effect of the Remand Order and the finality that remand is intended to achieve.

Accordingly, the Amended Notice of Removal does not effect a second removal of the landlord-tenant action. It identifies no new action, no new jurisdictional fact, or no other post-remand development creating a materially different basis for removal. Instead, it represents an attempt to return the same controversy to this Court based upon circumstances known and asserted when the original *Notice of Removal* was filed. The Amended Notice of Removal therefore provides no basis for disturbing the Remand Order.

**The Browns Have Established No Basis for Relief from the Remand Order**

For the foregoing reasons, the Browns have not established any basis for disturbing the Remand Order. Even assuming that Bankruptcy Rules 9023 and 9024 permit reconsideration after the remand was effectuated, the Browns have

identified no intervening change in controlling law, no newly discovered evidence, no clear error, no manifest injustice, no mistake, or no other circumstance warranting relief.

The alleged counterclaims were disclosed to the Court when the original *Notice of Removal* was filed, were never actually filed in the Removed Action, and do not alter the untimeliness of removal under Rule 9027(a)(3) or the independent equitable grounds supporting remand under 28 U.S.C. § 1452(b). The Amended Notice of Removal likewise identifies no subsequent development creating a new and different basis for removal.

The Browns' subsequent withdrawal of their Amended Notice & Motion independently eliminates any request by them for affirmative relief. To the extent the legal effect of those filings remains before the Court by virtue of Klein's Motion to Enforce, they provide no basis for altering the Remand Order or returning the underlying controversy to this Court. The Remand Order therefore remains undisturbed.

## III.
## KLEIN'S MOTION TO ENFORCE

Klein's Motion to Enforce asks the Court to strike and deny with prejudice the Browns' Amended Notice & Motion, strike or deem waived their purported counterclaims, award $1,197.50 in counsel fees, impose additional sanctions, and declare Ms. Brown a "vexatious litigant." These requests arise against a litigation history extending beyond the present adversary proceeding and, in certain

respects, beyond this Court.

Some of Klein's requested relief has been overtaken by subsequent events or resolved by the Court's disposition of the issues addressed above. The Browns withdrew their Amended Notice & Motion, and the Court has determined that those filings provide no basis for disturbing the Remand Order or returning the landlord-tenant action to this Court. Moreover, because the Browns acknowledge that no counterclaims were ever filed in the Removed Action, there are no counterclaims pending before this Court to strike or adjudicate. The Court therefore need not separately grant those aspects of the Motion to Enforce to preserve the effect of the Remand Order.

Klein's remaining requests (i.e., requests for a vexatious-litigant determination, counsel fees, and additional sanctions) require separate consideration. In evaluating those requests, the Court does not view the Browns' conduct in this adversary proceeding in isolation. As disclosed in the Judicially Noticed Material, the present dispute is part of a broader course of litigation between the Browns and Klein (or related entities) in the Pennsylvania courts and the United States District Court for the Western District of Pennsylvania.

The record reflects, among other things, two prior attempts by the Browns to remove landlord-tenant proceedings involving K & S Real Estate to the District Court. In December 2024, the Browns removed a landlord-tenant action to the District Court, which remanded the matter for lack of subject-matter jurisdiction.

In January 2025, the Browns removed another landlord-tenant action

involving K & S Real Estate. The District Court again remanded, expressly explaining that the state-law landlord-tenant claim did not present a federal question and that federal defenses or counterclaims could not supply federal-question jurisdiction.

The Browns also commenced a separate civil action against Klein and K & S Property Management in the Court of Common Pleas of Allegheny County. The docket reflects that the action was filed in September 2025 and that the Browns thereafter filed numerous papers, including an amended complaint. On May 6, 2026, the Court of Common Pleas struck the Browns' Notice of Amended Complaint, confirmed that their claims had been dismissed with prejudice effective February 16, 2026, directed that the case be marked dismissed with prejudice, and barred the Browns from making further filings in that particular matter.

That history provides relevant context for Klein's requests, but it does not itself answer whether the particular relief he seeks is legally warranted. Prior unsuccessful litigation, repeated attempts at removal, or even the imposition of filing restrictions in another proceeding do not automatically establish the prerequisites for sanctions or a prospective restriction upon access to a federal court. Each form of relief sought by Klein carries its own substantive and procedural requirements, and are addressed below.

**Klein Has Not Established a Basis**
**For Imposing a Vexatious-Litigant Filing Restriction**

Klein first asks the Court to declare Ms. Brown a "vexatious litigant." The Court construes that request as seeking some prospective restriction upon Ms. Brown's ability to make future filings.

Federal courts possess authority under the All Writs Act, 28 U.S.C. § 1651(a), to protect their jurisdiction and processes from abusive litigation. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993); In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). That authority, however, is constrained by the litigant's rights of due process and access to the courts. Brow, 994 F.2d at 1038.

The Third Circuit Court of Appeals has identified three requirements for imposing a prefiling restriction against a pro se litigant. First, exigent circumstances must exist, ordinarily demonstrated by a continuous abuse of the judicial process through meritless and repetitive litigation. Second, the litigant must receive notice and an opportunity to show cause before such a restriction is imposed. Third, any resulting restriction must be narrowly tailored to the particular abuse demonstrated by the record. Id. See In re Packer Ave. Assocs., 884 F.2d 745, 747–48 (3d Cir. 1989); Chipps v. U.S. Dist. Ct. for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). A prefiling injunction is therefore an "extreme remedy" that must be "narrowly tailored and sparingly used." Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990)(quoting In re Packer Ave. Assocs., at 747).

The litigation history before the Court does warrant concern. The Judicially Noticed Material reflects that the Browns twice attempted to remove landlord-tenant proceedings involving K & S Real Estate to the United States District Court for the Western District of Pennsylvania, and both proceedings were remanded. In the second proceeding, the District Court specifically explained that federal defenses or counterclaims could not create federal-question jurisdiction over a state-law landlord-tenant action. The Browns thereafter attempted to remove the present landlord-tenant proceeding to this Court and, following remand, filed the Amended Notice & Motion addressed above.

The Browns also pursued separate litigation against Klein and K & S Property Management in the Court of Common Pleas of Allegheny County. That action ultimately was dismissed with prejudice, and the Court of Common Pleas prohibited the Browns from making further filings in that particular case.

This history provides context for Klein's request and demonstrates that the parties' landlord-tenant dispute has generated repeated litigation in multiple forums.

The Court need not decide, however, whether that history constitutes the continuous abuse of judicial process necessary to support a prefiling injunction. Klein's request fails because the process necessary to make that determination (and, if warranted, to fashion an appropriate restriction) has not occurred.

Although Klein asks that Ms. Brown be declared a "vexatious litigant," his Motion to Enforce does not frame the issue in terms of the governing Brow

standard or identify the conduct upon which a finding of continuous abuse of the judicial process should rest. Nor did the Court issue an order to show cause identifying the conduct potentially supporting such a finding and directing Ms. Brown to address whether that conduct satisfies the standard for imposing a prefiling restriction.

Thus, while Ms. Brown had notice of the label Klein sought and an opportunity to respond to his Motion to Enforce at the August 11, 2026 hearing, she was not afforded notice and a focused opportunity to address whether her litigation conduct constituted the type of continuous abuse through meritless and repetitive litigation necessary to justify this extraordinary relief. Due process requires more before the Court makes a determination that may serve as the predicate for restricting a litigant's future access to the courts. See Brow, 994 F.2d at 1038; Gagliardi, 834 F.2d at 83.

There is a related deficiency as to the relief itself. Klein does not identify what restriction upon Ms. Brown's future filings should accompany the requested designation. That omission matters because any restriction must be narrowly tailored to the particular abuse established. Brow, 994 F.2d at 1038; Chipps, 882 F.2d at 73. Without knowing whether the contemplated restriction would concern this adversary proceeding, future disputes involving Klein or related entities, future bankruptcy proceedings, all filings in this Court, or some other category of matters, Ms. Brown could not meaningfully address the necessity or permissible scope of the proposed restriction. The Court likewise cannot fashion an

unidentified request for relief into a prefiling injunction without first providing notice of the restriction under consideration and an opportunity to be heard concerning it.

The May 6, 2026 Order of the Court of Common Pleas does not alter this conclusion. That court prohibited further filings in a particular action after directing that the action be marked dismissed with prejudice. It did not impose a general restriction upon Ms. Brown's access to the courts. If anything, the limited scope of that order illustrates the importance of identifying the particular conduct at issue and tailoring any resulting restriction accordingly.

None of this should be understood as condoning repetitive or meritless litigation. Pro se status does not permit a litigant to disregard prior rulings, repeatedly relitigate matters already decided, or employ successive filings to frustrate the effect of court orders. The litigation history reflected in this record raises legitimate concerns. But those concerns do not permit the Court to dispense with the procedural protections required before determining that a litigant has engaged in the continuous abuse of judicial process necessary to warrant prospective filing restrictions.

Accordingly, the Court makes no finding on the present record as to whether Ms. Brown is a vexatious litigant or whether her litigation history otherwise satisfies the substantive standard for imposing a prefiling injunction. Before making such a determination, Ms. Brown must receive adequate notice of the conduct alleged to satisfy that standard and a meaningful opportunity to

contest that characterization. Further, before any restriction may be imposed, she must receive notice of the restriction under consideration and an opportunity to address its necessity and scope. Because that process has not occurred, Klein's request will be denied, without prejudice.

**Klein Has Not Established a Right to Counsel Fees or Sanctions Pursuant to Bankruptcy Rule 9011**

Klein next seeks an award of counsel fees and asks the Court to impose sanctions based upon the Browns' continued filings following entry of the Remand Order. Although the Court understands Klein's frustration, an award of sanctions must rest upon an identified source of authority and compliance with the procedures governing that authority.

Federal Rule of Bankruptcy Procedure 9011 imposes obligations upon parties and attorneys who present pleadings, motions, and other papers to the Court. By presenting a paper, an unrepresented party certifies, among other things, that it is not being presented for an improper purpose, that the legal contentions are warranted by existing law or by a nonfrivolous argument for changing existing law, and that factual contentions have evidentiary support or are likely to have such support after reasonable investigation. Fed. R. Bankr. P. 9011(b). The Rule applies to pro se litigants as well as attorneys. See Fed. R. Bankr. P. 9011(a), (b).

Rule 9011, however, establishes specific procedures for sanctions sought by an opposing party. A motion for sanctions "must be made separately from any

other motion" and must describe the specific conduct alleged to violate Rule 9011(b). Fed. R. Bankr. P. 9011(c)(2). The motion may not be filed with or presented to the Court unless, after service of the motion, the challenged paper is not withdrawn or appropriately corrected within twenty-one days. Id. This "safe harbor" is not a technical formality; it affords the opposing party an opportunity to withdraw or correct the challenged filing before judicial sanctions are sought.

Klein has not demonstrated compliance with either of the requirements set forth above. His request for sanctions and counsel fees is contained within the Motion to Enforce rather than in a separate Rule 9011 motion. More importantly, the record does not establish that Klein served a Rule 9011 motion upon the Browns and afforded them the twenty-one-day safe-harbor period before seeking sanctions from the Court. Those procedural deficiencies preclude an award of sanctions upon Klein's motion under Rule 9011(c)(2).

The sequence of events in this case further illustrates the significance of the safe-harbor requirement here. The Browns filed their Amended Notice & Motion on June 24, 2026. After the Court directed them to provide the counterclaims upon which they relied, the Browns filed their July 16th Statement of Facts & Withdrawal acknowledging that no counterclaims had been filed and expressly withdrew the Amended Notice & Motion.

Klein thereafter filed the Motion to Enforce on July 21, 2026. Thus, by the time Klein sought sanctions, the Browns already had withdrawn the filings that form the principal basis for his request.

The Court does not suggest that withdrawal necessarily establishes that the challenged filings complied with Rule 9011(b). The point is procedural. Rule 9011(c)(2) establishes a particular mechanism through which a party may seek sanctions, and Klein did not employ it. The Court therefore need not determine whether the Browns' filings violated Rule 9011(b), whether they were objectively reasonable when filed, or whether they were presented for an improper purpose. Those questions are not properly presented through a party-initiated sanctions request that fails to satisfy Rule 9011(c)(2).

Accordingly, to the extent Klein seeks payment of counsel fees or other sanctions under Rule 9011, his request will be denied.

**The Court Declines to Initiate Sanctions**
**On Its Own Initiative or Under Its Inherent Authority**

Klein's failure to comply with Rule 9011 does not mean that the Court lacks authority to address litigation misconduct. Rule 9011 permits the Court, on its own initiative, to enter an order identifying conduct that appears to violate Rule 9011(b) and directing the offending party to show cause why sanctions should not be imposed. Fed. R. Bankr. P. 9011(c)(3). A federal court also possesses inherent authority to sanction abuses of the judicial process, including, in appropriate circumstances, by assessing counsel fees where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991); Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1224–25 (3d Cir. 1995).

Those sources of authority do not, however, relieve a represented party of the obligation to comply with the procedural requirements governing the relief it seeks. Rule 9011 provides Klein with an express mechanism for seeking sanctions against the Browns, including counsel fees where authorized by the Rule. As discussed above, that mechanism requires a separate motion and compliance with the twenty-one-day safe harbor. Fed. R. Bankr. P. 9011(c)(2).

Klein is represented by counsel, yet those procedures were not followed. The Court will not invoke its own authority simply to supply the procedure that Klein was required, but failed, to employ.

The distinction is important. Sanctions initiated by the Court under Rule 9011(c)(3) are just that: court-initiated sanctions. They require the Court itself to determine that identified conduct may warrant sanctions and to issue an order to show cause specifying that conduct. Similarly, inherent authority belongs to the Court and is exercised to protect the integrity of its proceedings when the Court determines that circumstances warrant its invocation. It is not an alternative procedural vehicle upon which a represented litigant may rely after failing to satisfy the requirements applicable to a party-initiated request for sanctions.

The Supreme Court's decision in Chambers reinforces this restraint. Although recognizing the breadth of a federal court's inherent authority, the Supreme Court cautioned that such power "must be exercised with restraint and discretion" and explained that, when particular misconduct is adequately addressed by an applicable rule or statute, a court ordinarily should look first to

that authority before resorting to its inherent power. Chambers, 501 U.S. at 44, 50. Rule 9011 directly addresses the conduct about which Klein complains and provides a procedure through which he could have sought relief. Resort to inherent authority under these circumstances would risk rendering Rule 9011(c)(2)'s procedural protections largely beside the point.

The Court also declines to independently initiate a sanctions proceeding under Rule 9011(c)(3). The Court has not issued an order to show cause identifying conduct that it believes may violate Rule 9011(b), and the Browns therefore have not been afforded the notice and opportunity to respond that would accompany such a proceeding. Nor has the Court independently invoked its inherent authority and provided the Browns notice that they face sanctions based upon a possible finding of bad faith. Klein's request for sanctions cannot substitute for either process.

This is not to suggest that the Browns' conduct is beyond scrutiny or that Rule 9011 lacks application to pro se litigants. Rather, the point is narrower. The Federal Rules provide Klein with a means to protect his interests against sanctionable filings, and, as a represented party, Klein was responsible for invoking that remedy in accordance with its requirements. The Court's independent sanctioning powers exist to protect the judicial process; they are not a means for the Court to cure deficiencies in a represented party's sanctions request.

Accordingly, the Court declines to initiate sanctions under Rule 9011(c)(3)

or to exercise its inherent sanctioning authority on Klein's behalf. Because Klein did not comply with the requirements for party-initiated sanctions under Rule 9011(c)(2), his request for counsel fees and additional sanctions will be denied.

**The Remaining Request(s) For Relief in the Motion**
**to Enforce is Either Unwarranted or Unavailable**

Klein's remaining requests do not require extended discussion. He asks the Court to strike and deny with prejudice the Browns' Amended Notice & Motion and to strike or deem waived their purported counterclaims. Subsequent events and the Court's rulings above render that relief either unnecessary or unavailable.

The Browns withdrew their Amended Notice & Motion on July 16, 2026. The Court nevertheless has addressed the issues raised by those filings to the extent necessary to determine their legal effect and resolve Klein's Motion to Enforce. As explained above, the Browns have established no basis for disturbing the Remand Order, and their Amended Notice of Removal did not effect a second removal of the landlord-tenant action. Nothing further would be accomplished by striking or "denying with prejudice" filings that have been withdrawn and that provide no basis for relief.

The same is true of Klein's request concerning the Browns' purported counterclaims. The Browns have acknowledged that no counterclaims were filed in the Removed Action. There consequently are no counterclaims pending before this Court to strike, adjudicate, or deem waived. Whether the Browns may assert any claims against Klein in the Pennsylvania courts, and the effect of any prior

state-court rulings upon those claims, are matters for the appropriate state tribunal and are not questions the Court need decide in this adversary proceeding.

Accordingly, Klein's Motion to Enforce will be denied to the extent it seeks relief beyond preservation of the Remand Order. That Order remains fully effective, the underlying landlord-tenant controversy remains within the Pennsylvania judicial system, and no further relief is necessary to enforce the remand.

## IV. CONCLUSION

For all of the reasons set forth above, the Court shall enter an Order providing that:

(1) the Browns' withdrawal of their *Amended Notice of Removal and Motion to Vacate Judgment* is recognized, and, to the extent any relief requested therein remains for disposition, such relief is denied;

(2) the Amended Notice of Removal did not effect a second removal of the landlord-tenant action, and the Court's May 27, 2026 Remand Order remains undisturbed and in full force and effect;

(3) Klein's *Motion to Enforce Orders of Court* is denied to the extent it seeks to strike or deem waived any purported counterclaims, declare Ms. Brown a vexatious litigant, recover counsel fees, or obtain additional sanctions; and

(4) no further relief is warranted in this adversary proceeding.

The underlying landlord-tenant controversy remains within the Pennsylvania judicial system, and this Court expresses no opinion as to the

merits, viability, or procedural disposition of any claims or defenses the parties may seek to assert there. With no matters remaining for adjudication in this adversary proceeding, the Clerk shall be directed to close it.

Date: August 26, 2026

jlh

The Honorable Jeffery A. Deller
United States Bankruptcy Court

cc: To the parties and, if represented, to their counsel of record

FILED
8/26/26 4:15 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA